Court of Appeal -- Parish of Orleans.

- - - - - - -

No. 7797

**7797**

S. A. Harvey

vs.

E. J. Garcia

- - - - - - -

- - - - - - -

By Finkelspiel, J.

Plaintiff brings this suit for his commission and attorney's fees substantially for this: That he made a contract with defendant on April 18, 1917, to sell for his account the property in accordance with written and private contract, signed by both parties and annexed to the petition. That in accordance with his duties as agent, he advertised the property for sale and finally claimed that having an exclusive contract for the sale of the said property, defendant sold it for $8700.00, his commission thereon amounting to $261.00, and the fee of his attorney $35.25, for which he prays judgment.

Defendant filed an exception claiming no cause of action and reserving the benefit of this exception, which was referred to the merits, answered substantially: Admitting that on the day set forth in plaintiff's petition, he authorized him, plaintiff, to sell his property for the sum of $10,000.00 and defendant was to receive after the sale of the property in question was made three per cent commission. That under the contract, he understood that the term of plaintiff having this property in his possession for sale was 90 days, and that time expired on the 18th of July, 1917. That he never had an idea or intention to place his property in plaintiff's hands for an indefinite period of time, and if there was any clause so indicated and signed by defendant, it was an error, but notwithstanding the written provisions of the written contract referred to, defendant subsequently, on the 9th of July, 1917, in a letter of that date, written at the office of plaintiff, advised that the contract had expired for the sale of his property, but if he still desired to make the sale, he, the defendant, was willing to pay him the commission, but would not sign any further exclusive contract, and it was understood that plaintiff was only entitled to

474

if he personally sold the property.

That plaintiff did not personally sell the property, nor was he in any sense a procuring cause in the selling of said property, nor had he any connection directly or indirectly therewith, and therefore he is entitled to no compensation in the premises, and he prays judgment for dismissal of plaintiff's suit and for general relief.

The evidence in this record presents, first, the contract of agency given by defendant to plaintiff, of which there is no denial. Defendant swears that he did not understand that this contract went beyond its terms, ninety days, but notwithstanding this fact, whether true or not, we think immaterial, because defendant's testimony satisfies us that plaintiff received the letter written cancelling the contract, made no protest, and it was after defendant and plaintiff had met on the street and plaintiff was informed by defendant that he had placed this property in the hands of Mrs. Wittenberg, another real estate agent, who had sold the property for $8500.00, had received her commission, and hence did not owe plaintiff anything.

Subsequently, on the 15th of October, defendant received a letter signed Eauthier & Chambers by S. A. Harvey, wherein commissions were claimed for the sale of this identical property, and on page 3 of the transcript this question was asked: "Q- Did you inform Mr. Harvey before this letter that you had sold the property? A- Yes sir, absolutely. Mr. Harvey knew it. I met him on the street. (This is a falsehood, as far as the record shows.) Mr. Harvey was advised by me on the street. He didn't know that the residence was sold until I met him on the street and said to him, 'Harvey, Mrs. Wittenberg was luckier with my residence than you were. I have sold my residence.' He said, 'Is that so?' And I said, 'Yes.' And he

475

said, 'I did'nt know it.' Q- Did you pay Mrs. Whitenberg to sell it? A- Yes, 3 % on $8500.00."

This testimony above quoted, together with the letter referred to by defendant, was never disputed, and we are satisfied from it that the testimony so given is true in every part and that plaintiff had notice, both orally and in writing, that the contracts had termina--ted, and that he could only get his commission if he sold the property and not otherwise. Having decided this case on the merits, *is unnecessary for* us *now* at this time passing on the exceptions.

Revised Civil Code, Art. 3028. Revocation of Mandate. " Except in the case of irrevocable powers of attorney, as prescribed in the preceeding article, the principal may revoke his power of attorney whenever he thinks proper, and, if necessary, compel the agent to deliver up the written instrument containing it, if it be an act under private signature."

Revised Civil Code, Art. 3030. Appointment of New Agent. "The appointment of a new agent Attorney to transact the same business produces the same effect as a revocation of the first, from the day such appo--intment is notified to the first Attorney."

" The boker in order to be entitled to his commission, must have been the procuring cause of the transaction. He cannot recover unless he proves his authority to act, and that he was the procuring agency in effecting the same. " Taylor et. al. vs. Martin, 149 La. p. 143.

 **Judgment Affirmed.**